UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. RELEVANTE, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01741-JLT-HBK<br><br>ORDER CONSTRUING PLAINTIFF'S PLEADING AS A NEW COMPLAINT<br><br>ORDER DIRECTING CLERK OF COURT TO OPEN NEW CASE AND TRANSFER PLEADING<br><br>ORDER DIRECTING PLAINTIFF TO PAY FILING FEE, FILE APPLICATION TO PROCEED IN FORMA PAUPERIS, OR NOTICE IN NEW ACTION<br><br>THIRTY DAY DEADLINE<br><br>(Doc. No. 263) |

Pending before the Court is Plaintiff's pro se pleading titled "Motion for Emergency Order to Prevent Wrongful Death or Serious Injuries" filed on October 21, 2022. (Doc. No. 263, "Pleading"). According to the Pleading, Plaintiff recently was transferred to Wasco State Prison ("WSP") and believes his "life is in danger" and/or he faces "serious injury."[1] (*Id*. at 1-2). Specifically, Plaintiff complains about the condition of his cell at WSP. (*See generally id*.).

---

[1] The Court separately notified appropriate correctional officials of the allegations of death and imminent harm contained in the Motion.

Plaintiff describes his assigned cell as having multiple issues to include spiders, spider webs, "roaches," "black bugs and big red bugs," feces in the toilet, and mold and mildew on the mattress. (*Id*. at 2). Plaintiff purportedly cleaned the cell, but it took him "late into the night." (*Id*.). Further, Plaintiff's cell does not have a desk and his ceiling light would not turn off causing him to tie a t-shirt over his eyes at night. (*Id*. at 2-3). Plaintiff alleges his safety is in jeopardy due to his status as a disabled inmate and he suspects he is being "set-up" for "murder." (*Id*. at 5-6). Plaintiff attaches a declaration in support of his Pleading . (*Id*. at 20-23). As relief, Plaintiff seeks an "an emergency court order to prevent death." (*Id*. at 25).

Plaintiff's operative complaint in the instant action involves claims of deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment and retaliation in violation of the First Amendment stemming from events that occurred at Kern Valley State Prison. (Doc. Nos. 1, 17, 18). This case is procedurally postured for trial. (Doc. No. 264). The claims alleged in the instant Pleading involve unrelated events at a different correctional institution and challenge the conditions of Plaintiff's current confinement. (*See generally* Doc. No. 263)). Consequently, the Court liberally construes the Pleading as a complaint concerning the conditions of Plaintiff's confinement at WSP, which should have been filed in a new action. Thus, the Court will direct the Clerk to open a new civil action and transfer the Pleading to the new action as Plaintiff's construed complaint. If Plaintiff wishes to proceed in this new action he shall either pay the $402 filing fee or file the enclosed application to proceed *informa pauperis* within thirty (30) days of receipt of this Order and the Court will then screen the construed complaint.

Accordingly, it is **ORDERED**:

1. The Court liberally construes Plaintiff's Pleading (Doc. No. 263) as a new civil rights complaint challenging the conditions of his confinement at WSP seeking emergency relief and directs the Clerk of Court to open a new prisoner civil rights action.

2. The Clerk shall place a copy of this Order as Document No. 1 in the newly opened action and place a copy of the Motion (Doc. No. 263) as Document No. 2 in the newly opened action and title it "Plaintiff's construed civil rights complaint seeking

emergency relief." The Clerk shall then strike the Pleading from this docket and provide Plaintiff with notice of the new civil case number and a blank application to proceed *in forma pauperis*.

3. **Within thirty (30) days** of receipt of this Order, Plaintiff shall either pay the $402 filing fee or file the enclosed application to proceed *in forma pauperis* if he wishes to proceed on his new civil rights complaint challenging the conditions of his confinement at WSP seeking emergency relief. Otherwise, Plaintiff shall file a "Notice of Voluntary Dismissal Under Rule 41" if he does not wish to proceed in a new action.

4. Plaintiff's failure to timely pay the $402 filing fee, file an application to proceed *in forma pauperis* or file a "Notice of Voluntary Dismissal Under Rule 41" will result in a recommendation to dismiss the new action for Plaintiff's failure to prosecute the new action.

Dated:    October 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3